UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERASMO FLORES, BK0548,<br><br>Petitioner,<br><br>v.<br><br>DANIEL CUEVA, Acting Warden,[1]<br><br>Respondent. | Case No. 22-cv-09174-CRB (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>(ECF No. 4) |

Petitioner, a state prisoner incarcerated at California Medical Facility (CMF) in Vacaville, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara County Superior Court. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**BACKGROUND**

Petitioner pleaded no contest to a count of oral copulation with a child under 14 years old by force, violence, duress, menace or fear, and a count of lewd and lascivious act on a child under 14 years old by force, violence, duress, menace or fear. Before sentencing, petitioner moved to withdraw his plea, which the court denied. On August 1. 2019, petitioner was sentenced to the agreed-upon term of 15 years in state prison.

Petitioner unsuccessfully appealed his conviction and sentence to the California Court of Appeal and the Supreme Court of California, which on October 13, 2021 denied review of a petition allegedly raising the same claims raised here.

---

[1] Daniel Cueva, acting warden of California Medical Facility (CMF), is substituted in as respondent in place of Jennifer Benavides, former warden of CMF.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.   Claims

Petitioner seeks federal habeas corpus relief by raising two claims: (1) the trial court violated his due process rights by denying his motion to withdraw his plea, and (2) the trial court violated his due process rights by imposing fines without a finding that he had the ability to pay them. Liberally construed, the claims appear arguably cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.   Petitioner's request to proceed IFP (ECF No. 4) is GRANTED.

2.   The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov.  The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.  The clerk shall serve by mail a copy of this order on petitioner.

3.   Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the

issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.  Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served and filed, and respondent must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

5.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

**IT IS SO ORDERED**.

Dated: February 13, 2023

_____
CHARLES R. BREYER
United States District Judge